IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LATONI ALTHEA DANIEL, individually and as next friend of L.M.D., a minor | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 2:20-CV-145-WKW [WO] |
| MICHAEL HOWELL, Sheriff of Coosa County, Alabama, individually; COOSA COUNTY DETENTION FACILITY; COOSA COUNTY ALABAMA, COUNTY COMISSION; and THE SHERIFF'S DEPARTMENT OF COOSA COUNTY ALABAMA, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On March 4, 2020, Latoni Althea Daniel ("Daniel"), individually and as next friend of L.M.D., a minor, filed an Amended Complaint against Michael Howell ("Howell"),  the Coosa County Detention Facility ("Coosa County Jail"), the Coosa County Alabama, County Commission ("Commission"), the Sheriff's Department of Coosa County Alabama ("Coosa County Sheriff's Office"), and certain fictitious Defendants.[1]  (Doc. # 3.)  In the Amended Complaint, Plaintiffs allege nine state-

---

[1] Plaintiffs' Amended Complaint provides "[f]ictitious parties shall be added when or if ascertained, namely officers 1,2,3 . . . ."  (Doc. # 3, at 2.)

law tort claims in addition to violations of the Eighth and Fourteenth Amendments to the United States Constitution as enforced by 42 U.S.C. § 1983.

Before the court are four separate motions: (1) Motion to Dismiss for Failure to State a Claim (Doc. # 9), filed by the Commission; (2) Motion to Dismiss for Failure to State a Claim (Doc. # 11), filed by the Coosa County Jail and Coosa County Sheriff's Office; (3) Motion to Dismiss for Failure to State a Claim (Doc. # 15), filed by Howell; and (4) Motion to Strike Response in Opposition (Doc. # 34), collectively filed by Defendants. Additionally, within his motion to dismiss for failure to state a claim, Howell moves under Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiffs' state-law tort claims, asserting that no "adequate basis" exists for exercising subject matter jurisdiction over those causes of action. (Doc. # 16, at 2.) For the reasons given below, the motions to dismiss are due to be granted in part and denied in part, and the motion to strike is due to be granted.

## I. JURISDICTION AND VENUE

The court exercises subject matter jurisdiction over the federal-law claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights jurisdiction). Supplemental jurisdiction over Plaintiffs' state-law claims is proper pursuant to 28 U.S.C. § 1367. Personal jurisdiction and venue are not contested.

## II.  STANDARD OF REVIEW[2]

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff.  *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012).  To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citation omitted).

## III.  BACKGROUND[3]

This case centers on the alleged sexual assault of Daniel while she was a pretrial detainee at the Coosa County Jail. The Amended Complaint contains the following factual allegations.  On December 5, 2017, Daniel was arrested and held without bond in the Coosa County Jail.  In January 2019, while still detained awaiting trial, Daniel learned that she was four months pregnant.  According to

---

[2] Although Howell moves to dismiss Plaintiffs' state-law claims under Rule 12(b)(1), this court's subject mater jurisdiction is not at issue.  Instead, the question is whether Plaintiffs' Amended Complaint states a claim for relief against Howell under Alabama law, so the motion is considered solely under Rule 12(b)(6).  *See LeFere v. Quezada*, 582 F.3d 1260, 1263 (11th Cir. 2009) ("If the complaint contains a claim that is facially subject to an affirmative defense, that claim may be dismissed under Rule 12(b)(6).").

[3] Applying the Rule 12(b)(6) standard, the court has presumed as true the well pleaded factual allegations in the governing complaint, but not its legal conclusions.

Daniel, during the period between December 5, 2017 and January 2019, she was not permitted to leave the jail, and the only males who had access to her were jail employees.  Moreover, Daniel does not remember the alleged sexual assault; thus, she believes she was incapacitated prior to, and during, the attack.  To date, Daniel still does not know the identity of her alleged assailant.

Upon learning of her pregnancy, officials at the Coosa County Jail transferred Daniel to the Tallapoosa County Jail.  On May 29, 2019, Daniel gave birth to L.M.D. Based on these allegations, Daniel contends that she "relied on the Sheriff, the Coosa County Sheriff's Office, the Coosa County Detention Facility and the Coosa County Commission to protect her and prevent her rape, physical abuse and sexual exploitation."  (Doc. # 3, at 3.)

Daniel brings the following state-law claims against all Defendants: negligence; battery; assault; wrongful life on behalf of L.M.D.; wantonness; negligent/wanton hiring; training, or supervision; intentional infliction of emotional distress; negligent infliction of emotional distress; and invasion of privacy. Additionally, Daniel alleges that Defendants violated her rights under the Eighth (cruel and unusual punishment and excessive force) and Fourteenth (right to bodily privacy) Amendments to the United States Constitution.  In connection to her § 1983 claims, Daniel further alleges a count styled as "Supervisory Liability," wherein she asserts that "[t]here is a causal connection between the actions of the detention

4

facility's supervisor and Sheriff Michael Howell and the constitutional violations."
(Doc. # 3, at 15.)  Daniel seeks relief against Defendants only in the form of money
damages.

## IV.  DISCUSSION

Before delving into the merits of Defendants' motions to dismiss, it bears
mentioning that Plaintiffs' Amended Complaint and response to Defendants'
motions contain several deficiencies.  For starters, the Amended Complaint is a
quintessential "shotgun pleading." Among other things, the Amended Complaint
commits the "mortal sin" of "containing multiple counts where each count adopts
the allegations of all preceding counts, causing each successive count to carry all
that came before and the last count to be a combination of the entire complaint."
*Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015)
(footnote omitted).  Despite the fact, however, that Plaintiffs filed a shotgun
complaint, it is clear that their state- and federal-law claims against the Commission,
the Coosa County Sheriff's Office, and the Coosa County Jail are due to be dismissed
with prejudice as a matter of law.  The same is true of Plaintiffs' state-law claims
against Howell.  As explained more fully below, only Daniel's § 1983 claims against
Howell are due to be dismissed without prejudice on shotgun pleading grounds.

The Amended Complaint contains another infirmity—it names "officers
1,2,3" as fictitious Defendants.  "As a general matter, fictitious-party pleading is not

permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). True, the Eleventh Circuit has "created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be at the very worst surplusage." *Id.* (quotations and citation omitted). However, labeling the fictitious Defendants as officers 1, 2, and 3, absent some other unambiguous description, lacks the necessary specificity to qualify under this limited exception. Accordingly, Plaintiffs' claims against these fictitious Defendants are due to be dismissed.[4]

Next, Plaintiffs argue in their response that "[a] motion to dismiss under Rule 12 [of the Alabama Rules of Civil Procedure] may only be granted when it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which should entitle him to relief." (Doc. # 27, at 2.) That may be true in Alabama state courts, *see McKelvin v. Smith*, 85 So. 3d 386, 391 (Ala. Civ. App. 2010), but Plaintiffs chose to file this case in federal court where their Amended Complaint is subject to a more exacting pleading standard. In fact, the United States Supreme Court has described the "no set of facts" pleading standard as "forgotten" and "incomplete." *Twombly*, 550 U.S. at 546.

---

[4] Nevertheless, the work hours, duties, and physical location in proximity to Daniel's cell of the unnamed officers at the Coosa County Jail are "facts exclusively within the knowledge" of Howell and "will be issues for development in discovery." *Hollingsworth v. Edgar*, No. 2:04-CV-935-WKW, 2006 WL 2009104, at *7 (M.D. Ala. July 18, 2006). Put simply, "[n]o plaintiff could be expected to allege facts of which only the defendants have knowledge and control." *Id.*

Apart from analyzing the wrong pleading standard, Plaintiffs' response also fails to address the arguments advanced by the Commission, the Coosa County Sheriff's Office, and the Coosa County Jail in favor of their respective motions to dismiss. While Plaintiffs' failure may amount to an abandonment of their claims against these Defendants, *see Hooper v. City of Montgomery*, 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007) (finding that the plaintiff's failure to respond to the defendants' argument concerning the dismissal of certain claims constituted abandonment of those claims), binding precedent makes clear that such claims are due to be dismissed as a matter of law. With these deficiencies in mind, the court proceeds to an analysis of Defendants' motions to dismiss and motion to strike.

## A.    Motions to Dismiss

Defendants move to dismiss Plaintiffs' Amended Complaint in its entirety. Because the Amended Complaint alleges numerous state-law and federal-law claims against each Defendant with each type of claim requiring its own analysis, the subsequent discussion is divided accordingly by Defendant and further by the claims at issue.

### 1.    *Coosa County Commission*

#### a.    State-Law Claims

The Commission asserts that "[f]rom the allegations in the Amended Complaint, it is apparent that Plaintiff[s] attempt[] to impose liability upon [the

Commission] because of alleged actions that occurred at the jail." (Doc. # 10, at 1.) According to the Commission, "[t]he conduct of individuals at the jail cannot impute liability on the County because the County is not responsible for the day-to-day operation of the jail." (Doc. # 10, at 1.) The Commission's argument is sound.

A decision from the Alabama Supreme Court, *Ex parte Sumter County*, 935 So. 2d 1235 (Ala. 2006), provides guidance. There, "the administrator ad litem for the estate of [the decedent], filed a wrongful-death action . . . based on the death of [the decedent] while he was incarcerated in the Sumter County jail." *Id*. at 1236. The plaintiff alleged that the decedent suffered from mental illness and committed suicide while incarcerated. *Id*. Among other defendants, the plaintiff sought to hold Sumter County liable for the events that led to the decedent's suicide. In reversing the lower court's denial of Sumter County's motion to dismiss, the Alabama Supreme Court held that "any liability of a county resulting from an incident at a county jail must be based on a failure of county officials to provide an adequate facility" and because "the administrator ad litem [did] not allege that Sumter County breached a duty to furnish and maintain a jail facility, he [failed] to state a claim upon which relief [could] be granted." *Id*. at 1239.

To support its decision, the court reasoned that the Alabama Code[5] limited the role of counties in operating county jails to "keep[ing] a jail and equipment therein

---

[5] Alabama Code § 11-14-10, the provision at issue, provides in pertinent part that "[t]he

in a state of repair and to preserve it from failure or decline." *Id*. at 1238. Based on its limited role, the court concluded that "a county is not responsible for the daily administration or operation of a county jail or for overseeing inmates." *Id*. (citations omitted). The court also emphasized that the county could not "be held liable for any action resulting from the hiring, training, or supervising of jail personnel" nor could the county "be held vicariously liable for the actions or omissions of the sheriff or his deputies in operating a county jail." *Id*.

Here, as in *Ex parte Sumter*, Plaintiffs seek to hold the Commission liable for alleged events that occurred during the day-to-day operations of the Coosa County Jail. Plaintiffs also appear to allege that the Commission is liable under the theories of vicarious liability and negligent hiring, training, or supervision. However, *Ex parte Sumter* makes clear that such allegations are insufficient as a matter of law to state a claim upon which relief can be granted. *See also Turquitt v. Jefferson Cty.*, 137 F.3d 1285, 1291 (11th Cir. 1998) (holding that under Alabama law, "[t]he County cannot be liable for the harms that befall jail inmates due to improper operations of the jail or negligent supervision of its inmates because the County has no responsibility in that area"). What's more, Plaintiffs' Amended Complaint does not contain any allegations that the Commission breached its limited duty to furnish

---

county commission shall erect . . . jails" and that "[e]ach county within the state shall be required to maintain a jail within their county."

and maintain the facilities at the county jail where Daniel was housed.  Thus, Plaintiffs' state-law claims against the Commission are due to be dismissed with prejudice.

### b.   Federal-Law Claims

Daniel's § 1983 claims against the Commission, based on her rights protected under the Eighth and Fourteenth Amendments, fare no better.  Daniel alleges that "the only males who had access to [her] were agents and employees of" either the Coosa County Jail or the Coosa County Sheriff's Office.  (Doc. # 3, at 2.)  She further alleges that a prison official perpetrated the attack on her.  (Doc. # 3, at 12.)  In other words, Daniel claims that the Commission should be held liable under § 1983 for the acts of individuals employed by either the Coosa County Jail or the Coosa County Sheriff's Office.  Daniel's claims fail because the Commission does not possess any form of control over the daily operation of the Coosa County Jail.  *See Turquitt*, 137 F.3d at 1285.

To be sure, a county may be held liable under § 1983 "when execution of [the county's] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the [county] as an entity is responsible . . . ."  *Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658, 695 (1978) (alterations added).  Moreover, in determining whether a county is liable under § 1983, "[a] court's task is to identify those officials or

governmental bodies who speak with final policymaking authority for the [county] concerning the action alleged to have caused the particular constitutional or statutory violation at issue." *McMillian v. Monroe Cty. Ala.*, 520 U.S. 781, 784–85 (1997) (quotations and citation omitted) (alteration added).  Whether a county possesses final policymaking authority depends on the particular area or issue in dispute and an analysis of state law. *See id.* at 785.

In *Turquitt*, the Eleventh Circuit sitting *en banc* addressed whether, in the context of operating a county jail, a county qualified as policymaker under § 1983. After a thorough review of Alabama law, the court held that "Alabama sheriff[s] act[] exclusively for the state rather than for the county in operating a county jail." 137 F.3d at 1288.  Moreover, the court concluded that "Alabama counties have no duties with respect to the daily operation of the county jails and no authority to dictate how the jails are run." *Id*. at 1291.  Critical to the decision that counties could not be held liable under § 1983 for events that occurred during the daily operation of the county jail was the principle that "local governments can never be liable under § 1983 for the acts of those whom the local government authority has no authority to control." *Id*. at 1292.  The Eleventh Circuit explained

> because counties have no control over sheriffs, allowing county liability for a sheriff's actions would ignore *Monell*'s conception of municipalities as corporations and substitute a conception of municipalities as mere units of geography . . . .  [H]olding the county liable for a sheriff's actions would impose even broader liability than the respondeat superior liability rejected in *Monell*.

*Id.* (quoting *McMillian v. Johnson*, 88 F.3d 1573, 1577 (11th Cir. 1996), *aff'd, sub nom. McMillian v. Monroe Cty., Ala.*, 520 U.S. 781 (1997)).   Here, Daniel has not alleged any facts to show that the Commission possessed control over either the Coosa County Jail or Coosa County Sheriff's Office as it relates to the daily operations at the county jail.   Because Daniel fails to allege this necessary element of control, her § 1983 claims against the Commission are due to be dismissed with prejudice.

      **2.**    *Coosa County Sheriff's Office and Coosa County Jail*

         **a.**    **State-Law Claims**

The Coosa County Sheriff's Office and the Coosa County Jail also move to dismiss both Plaintiffs' state-law and § 1983 claims.   These Defendants argue that Plaintiffs' "claims against the Coosa County Sheriff's Office and the Coosa County Jail are due to be dismissed as the Sheriff's Office and the Jail are not entities subject to suit."   (Doc. # 12, at 2.)   Defendants are correct.

Beginning with Plaintiffs' state-law claims against the Coosa County Sheriff's Office, it is well settled under Alabama law that a sheriff's office is not a legal entity subject to suit.   *See Ex parte Haralson,* 853 So. 2d 928, 931 (Ala. 2003) ("It is clear under Alabama law that the sheriff's department is not a legal entity subject to suit."); *King v. Colbert Cty.*, 620 So. 2d 623, 626 (Ala. 1993) ("[A] [s]heriff's [d]epartment is not a legal entity. Therefore, one cannot maintain an action against

it."); *White v. Birchfield*, 582 So. 2d 1085, 1087 (Ala. 1991) ("The Chambers County Sheriff's Department is not a legal entity subject to suit.").  Accordingly, Plaintiffs' state-law claims against the Coosa County Sheriff's Office are due to be dismissed with prejudice.

The same holds true for Plaintiffs' state-law claims against the Coosa County Jail.  "Generally, a sheriff's department operates a county jail."  *Holifield v. City of Mobile Municipal Court of Mobile, Ala.*, No. 07-0309-CG-B, 2009 WL 793516, at *2 (S.D. Ala. Mar. 19, 2009).  So, it stands to reason that if a sheriff's department is not a legal entity subject to suit, neither is a county jail.  *See Alexander v. Houston Cty. Jail*, No. 1:20-CV-30-ALB, 2020 WL 762281, at *1 (M.D. Ala. Jan. 17, 2020) (finding that an Alabama county jail was not a legal entity subject to suit); *Moon v. Russell Cty. Jail*, No. 3:20-CV-727-WKW, 2020 WL 5997120, at *2 (M.D. Ala. Sept. 17, 2020) (same).  Thus, Plaintiffs' state-law claims against the Coosa County Jail are due to be dismissed with prejudice.

### b.  Federal-Law Claims

Daniel's § 1983 claims against the Coosa County Sheriff's Office and the Coosa County Jail also fail.  To be proper defendants under § 1983, the Sheriff's Office and the Jail must be "legal entit[ies] subject to suit."  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (alteration added).  "Whether a party has the capacity to be sued is determined by the law of the state in which the district court

13

sits." *Faulkner v. Monroe Cty. Sheriff's Dep't*, 523 F. App'x 696, 700 (11th Cir. 2013) (citing *Dean*, 951 F.2d at 1214–15).

In *Dean*, the Eleventh Circuit held that "[u]nder Alabama law, a county sheriff's department lacks the capacity to be sued." 951 F.2d at 1215. Thus, the court concluded that the defendant sheriff's department "[was] not a legal entity and, therefore, [was] not subject to suit or liability under section 1983." *Id.* at 1214. Here, as in *Dean*, the § 1983 claims against the Coosa County Sheriff's Office are due to be dismissed because that office lacks the capacity to be sued under Alabama law. *See also Forehand v. Elmore Cty.*, No. 2:14-CV-207-WHA, 2014 WL 2535190, at *5 (M.D. Ala. Jun. 5, 2014) (dismissing a § 1983 claim against an Alabama sheriff's department because it lacked the capacity to be sued). Daniel's § 1983 claims against the Coosa County Jail are also due to be dismissed with prejudice because, as the analysis of the state-law claims against it demonstrates, the jail is not a legal entity subject to suit.

### 3.    *Sheriff Howell*

#### a.    **State-Law Claims**

In support of his motion to dismiss Plaintiffs' state-law tort claims against him in his individual capacity, Howell persuasively argues that the doctrine of state absolute immunity shields him from such claims. Indeed, Plaintiffs appear to concede that the application of state absolute immunity to Howell "is virtually iron

14

clad [sic]."  (Doc. # 27, at 7.)

Article I, § 14 of the Alabama Constitution provides that "the State of Alabama shall never be made a defendant in any court of law or equity."  This constitutional provisional creates a "nearly impregnable and almost invincible wall that provides the State an unwaivable, absolute immunity from suit . . . in any court." *Ex parte Town of Lowndesboro*, 950 So. 2d 1203, 1206 (Ala. 2006) (citations and quotations omitted).  Moreover, state absolute immunity under Article I, § 14 "applies to state officers sued in either their official or individual capacities for state-law causes of action."  *Garcia v. Casey*, No. 2:18-CV-02079-KOB, 2020 WL 704848, at *7 (N.D. Ala. Feb. 12, 2020) (citing *Tinney v. Shores*, 77 F.3d 378, 382–83 (11th Cir. 1996)).  "As interpreted by the Alabama courts, such immunity extends to sheriffs and their deputies."  *Almond v. Randolph Cty., Ala.*, No. 3:19-CV-175-RAH, 2020 WL 3052223, at *5 (M.D. Ala. Jun. 8, 2020) (citing *Ex parte Davis*, 930 So. 2d 497, 501 (Ala. 2005)); *see also* Ala. Const. Art. V, § 112 (listing county sheriffs as executive officers of the state).

Accordingly, based on the authority discussed above and Plaintiffs' concession, the state-law claims against Howell are due to be dismissed with prejudice.[6]

---

[6] It is also worth noting that none of the exceptions to state absolute immunity appies in this case because Plaintiffs seek relief solely in the form of money damages.  *See Tinney*, 77 F.3d at 383 ("The Alabama Supreme Court explained that under Article I, § 14, the *only* exceptions to

b.    **Federal-Law Claims**

As mentioned in the beginning of this opinion, Daniel's § 1983 claims against Howell are due to be dismissed without prejudice on shotgun pleading grounds.

"Complaints that violate either [Federal Rule of Civil Procedure] . . . 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleading'" and have been uniformly rejected by the Eleventh Circuit.  *Weiland*, 792 F.3d at 1320 (alteration added).  Shotgun complaints violate Rule 8 "by fail[ing] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Id*. at 1323 (alterations added).  In some shotgun complaints, "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be combination of the entire complaint."  *Id*. at 1321.  In others, the complaint commits "the sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Id*. at 1323.

In the instant case, Plaintiffs' Amended Complaint is a shotgun pleading in both of the foregoing ways as it relates to the § 1983 claims against Howell.  First,

_____

a sheriff's immunity from suit are actions brought to enjoin the sheriff's conduct.") (emphasis in original).

the introduction to Count 1 "adopts and incorporate [sic] all preceding paragraphs of this complaint herein." (Doc. # 3, at 3.) And Count 13[7], which appears to form some part of the basis for the § 1983 claims against Howell, "incorporates all preceding reference paragraphs of the Complaint herein." (Doc. # 3, at 15.) That makes Count 13 "a combination of the entire complaint." *Weiland*, 792 F.3d at 1321. Counts 10–12, causes of action for violations of the Eighth and Fourteenth Amendments, suffer from similar defects insofar as they incorporate "all preceding reference paragraphs" of the Amended Complaint. (Doc. # 3, at 12–14.)

Second, the Amended Complaint alleges at least three separate § 1983 claims against four separate Defendants. Nowhere in the Amended Complaint, however, does Daniel attempt to draw distinctions between the conduct of the four Defendants in relation to her § 1983 claims. Instead, as Howell correctly notes, "[t]he Amended Complaint is replete with allegations that 'the defendants' undertook certain actions or omissions and/or violated certain rights, leaving its reader to assume which of the four plus Defendants the statement is referring to." (Doc. # 16, at 8 n.4.) The Amended Complaint also repeatedly uses conclusory and general language like "[t]he conduct by the Defendants was objectively sufficiently serious" and

---

[7] Adding to the confusion, Plaintiffs' Amended Complaint contains two claims listed as "Count 12," thus throwing off the document's numbering system with respect to the counts alleged. (*See* Doc. # 3, at 13, 15.) For clarity, the counts are referred to in proper numerical order, dispensing with Plaintiffs' incorrect labels.

"Defendants acted with a malicious and sadistic purpose to inflict harm." (Doc. # 3, at 12–13.) Daniel's failure to delineate which facts and which counts apply to which Defendants deprives Howell of the adequate notice to which he is entitled.[8]

Further, Howell contends that the protection of qualified immunity shields him from "all federal law claims asserted against him." (Doc. # 16, at 8 n.4.) However, the shotgun nature of the Amended Complaint makes it nearly impossible to conduct any coherent analysis on whether Howell is entitled to qualified immunity concerning the alleged constitutional violations. This is problematic because "questions of qualified immunity must be resolved at the earliest possible stage in litigation" due to the fact that it is "an entitlement not to stand trial or face other burdens of litigation." *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003) (quotations and citations omitted). For these illustrative reasons, Daniel's federal-law claims against Howell are due to be dismissed without prejudice.

**B.    Motion to Strike**

On May 5, 2020, Plaintiffs filed a document titled "Plaintiffs' Objection/Response to All Motions to Dismiss as Filed by the Defendants and Plaintiffs' Response to Defendants' Reply Response." (Doc. # 33.) Defendants collectively move to strike this document on the grounds that it amounts to an

---

[8] The pleading deficiencies pointed out in this opinion are illustrative. Plaintiffs have the responsibility to plead their "claims discretely and succinctly." *Weiland*, 792 F.3d at 1320 (citation omitted).

18

impermissible surreply.  The court agrees.

"A district court's decision to permit the filing of a surreply is purely discretionary and should generally be allowed when 'a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.'"  *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008) (quoting *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)); *see also Coker v. Enhanced Senior Living, Inc.*, 897 F. Supp. 2d 1366, 1373 (N.D. Ga. 2012) ("[S]urreplies typically will be permitted only in unusual circumstances, such as where a movant raises new arguments or facts in a reply brief, or where a party wishes to inform the Court of a new decision or rule implicating the motion under review.").  And these limitations make sense because "allow[ing] . . . surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs."  *Garrison v. N.E. Ga. Med. Ctr., Inc.*, 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999).

Here, Defendants expressly raised in their initial motions to dismiss each of the arguments, save one, that Plaintiffs now seek to address in their thirty-one page surreply.  In other words, Plaintiffs had a full and fair opportunity to respond to Defendants' respective arguments, yet, in most cases, declined to do so.  Moreover, Defendants' reply brief simply reasserts their initial arguments in favor of dismissing Plaintiffs' claims.  The only "new" argument in the reply brief concerns the fact that

Plaintiffs applied the wrong pleading standard in their response brief. This does not warrant the filing of a surreply. *See Chemence Med. Prods., Inc. v. Medline Indus., Inc.*, 119 F. Supp. 3d 1376, 1382 (N.D. Ga. 2015) ("If . . . new arguments simply respond to arguments raised in a response brief, no surreply is warranted."). Accordingly, Defendants' motion to strike is due to be granted.

## V. CONCLUSION

Accordingly, it is ORDERED:

1.     The Commission's motion to dismiss (Doc. # 9) is GRANTED, and all claims against this Defendant are DISMISSED with prejudice.

2.     The Coosa County Sheriff's Office and the Coosa County Jail's motion to dismiss (Doc. # 11) is GRANTED, and all claims against these Defendants are DISMISSED with prejudice.

3.     Plaintiffs' federal-law claims (Counts 10–13) against Sheriff Michael Howell are DISMISSED without prejudice.

4.     As it relates to their federal-law claims against Howell, Plaintiffs are granted leave to file a second amended complaint, pursuant to Federal Rule of Civil Procedure 15(a)(2), that complies with the pleading requirements of the Federal Rules of Civil Procedure and the following requirements of this Order:

a.     The second amended complaint must set forth, in separately numbered paragraphs, allegations of fact that are simple, concise, direct, sufficiently detailed,

and material to Plaintiffs' claims against Howell.  Plaintiffs must allege facts showing Howell's involvement in each claim and how Howell violated Plaintiffs' rights.

      b.    Plaintiffs may not simply incorporate all factual allegations by reference into every count; rather Plaintiffs must indicate with clarity which specific factual allegations are material to each specific count.

5.    Sheriff Michael Howell's motion to dismiss (Doc. # 15) is GRANTED as it relates to Plaintiffs' state-law claims (Counts 1–9), and these claims are DISMISSED with prejudice.  Howell's motion to dismiss (Doc. # 15), as it relates to the federal-law claims (Counts 10–13), is DENIED without prejudice to reassert any arguments that may be relevant to the amended complaint.

6.    All counts against fictitious Defendants 1, 2, and 3 are DISMISSED with prejudice.

7.    Defendants' motion to strike (Doc. # 34) is GRANTED, and Plaintiffs' surreply (Doc. # 33) is STRICKEN from the docket.

      Plaintiffs are ADVISED that, if they do not file a second amended complaint **on or before December 21, 2020**, this action will be dismissed without prejudice.  Claims and demands for relief that fail to comply with the Federal Rules of Civil Procedure and the requirements of this Order may be subject to dismissal without further opportunities for amendment.

DONE this 30th day of November, 2020.

                                        /s/ W. Keith Watkins
                                   UNITED STATES DISTRICT JUDGE